IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

JOSE SANCHEZ-OCAMPO,

                Defendant.

16-CR-171-FPG

## PLEA AGREEMENT

The defendant, JOSE SANCHEZ-OCAMPO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and plead guilty to a one count Information charging a violation of Title 18, United States Code, Section 371 (conspiracy to unlawfully employ more than ten illegal aliens during a 12-month period), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximums set forth in Paragraph 1 of this agreement.

## II.  ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.    That two or more persons entered into an unlawful agreement to commit an offense against the United States, to wit: during a 12-month period, knowingly hiring for employment at least 10 individuals with actual knowledge that the individuals were aliens who were not lawfully admitted for permanent residence or were not authorized by the United States to be employed;

b.    That the defendant knowingly and willfully became a member of the conspiracy;

c.    That one of the members of the conspiracy knowingly committed at least one overt act; and

d.    That the overt act was committed to further some object of the conspiracy.

## FACTUAL BASIS

4.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   Sergio Mucino was the owner of a number of restaurants:  Don Tequila located at 73 Allen Street, Buffalo, NY; El Agave located at 3870 Union Road, Cheektowaga, NY; Agave located at 765 Elmwood Avenue, Buffalo, NY; and La Divina located at 2896 Delaware Avenue, Kenmore, NY.

b.   The defendant was employed by and compensated by Sergio Mucino to work at Mucino's restaurants.  A part of the defendant's duties and responsibilities while working for Mucino included hiring and transporting workers to and from the restaurants.

c.   Between in or about October 17, 2015 and continuing through in or about October 18, 2016, the defendant and Sergio Mucino entered into an agreement whereby the defendant and Sergio Mucino hired at least 10 individuals to work in Sergio Mucino's restaurants.  The defendant and Sergio Mucino knew the individuals they hired were aliens that were not authorized to reside or work in the United States.

d.   In addition to agreeing with Sergio Mucino to hire the aliens to work in Sergio Mucino's restaurants, the defendant paid the aliens with money provided by Sergio Mucino.

e.   Sergio Mucino arranged for housing for the illegal aliens and the defendant and Sergio Mucino also provided transportation for the illegal aliens to and from the restaurants;

## III. SENTENCING GUIDELINES

5.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.   The government and the defendant agree that Guidelines § 2L1.1(a)(3) applies to the offense of conviction and provides for a base offense level of 12.

3

## SPECIFIC OFFENSE CHARACTERISTICS

7.      The government and the defendant agree that the following specific offense characteristics do apply:

      a.      a 3-level increase pursuant to Guidelines 2L1.1(b)(2)(A) (the offense involved the harboring and transporting 6-24 unlawful aliens).

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

8.      The government and the defendant agree that the following adjustments to the base offense level does apply:

      a.      The 3-level upward adjustment pursuant to Guidelines § 3B1.1(b) (defendant was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive).

## ADJUSTED OFFENSE LEVEL

9.      Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 18.

## ACCEPTANCE OF RESPONSIBILITY

10.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 15.

## CRIMINAL HISTORY CATEGORY

11.    It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.    It is the understanding of the government and the defendant that, with a total offense level of 15 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 18 to 24 months, a fine of $7,500 to $75,000, and a period of supervised release of 1 to 3 years.  Notwithstanding the above, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

13.    The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement.  A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and

5

recommendations.   A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. <u>STATUTE OF LIMITATIONS</u>

15.    In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to smuggling, transporting, harboring or unlawful employment of aliens which is not time barred as of the date of this agreement.   This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. <u>ALIEN STATUS</u>

16.    The defendant acknowledges that the defendant is not a citizen of the United States and that the defendant is on notice that the defendant's ability to enter, remain and/or reside in the United States is subject to the laws, regulations and associated policies of the Department of Homeland Security.   The defendant understands that any effect that the

defendant's conviction in this action will have upon the defendant's immigration status will be determined by the Department of Homeland Security in a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status.

## VI. GOVERNMENT RIGHTS AND RESERVATIONS

17.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

18.   At sentencing the government will move to dismiss the criminal complaint pending against the defendant under 16-M-147.

19.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.  <u>APPEAL RIGHTS</u>

20.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence.  However, in the

event of an appeal from the defendant's sentence by the defendant, the government reserves
its right to argue the correctness of the defendant's sentence.

## VIII.  COOPERATION

23.     The defendant will cooperate with the government by providing complete and
truthful information regarding the defendant's knowledge of any and all criminal activity,
whether undertaken by the defendant or others, in any way involving or related to smuggling,
transporting, harboring or unlawful employment of aliens.  The defendant's cooperation shall
also include submitting to interviews by government attorneys and agents, as well as testifying
truthfully and completely before grand juries and at such pre-trial and trial proceedings as the
government shall deem necessary.

24.     The defendant's cooperation shall also be provided to any local, state, or federal
authorities designated by the government and who have agreed to abide by the terms of the
"Cooperation" section of this agreement.  The defendant's obligation to testify truthfully and
completely shall extend to proceedings in local, state, and federal courts in jurisdictions which
have agreed to abide by this agreement.

25.     In exchange for the defendant's plea of guilty and cooperation as set forth in
this agreement, the defendant will not be prosecuted by the Office of the United States
Attorney for the Western District of New York for any other federal criminal offenses
committed in the Western District of New York in any way involving or related to alien

employing, transporting, and harboring committed up to the date of this agreement and about which the defendant provides complete and truthful information.

26.     Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

27.     Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines at least two 2 levels as provided for in Guidelines § 5K1.1 which, if granted by the Court, would result in a total offense level of 13 and a sentencing range for imprisonment of 12 to 18 months. The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

28.     This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government. This agreement is not contingent upon the filing of charges

10

against, the return of an Indictment against, or the successful prosecution of, any person or entity.

29.     It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes.   It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely.   Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

30.     In the event the government believes the defendant has violated any of the conditions of the "Cooperation" section of this agreement, the government, in addition to its other rights as set forth in the "Cooperation" section of this agreement, reserves the right: (a) to modify any recommendation the government agreed to make in a motion pursuant to Guidelines § 5K1.1, and (b) to petition the Court, before or after sentencing, for an order declaring that the defendant has breached the "Cooperation" section and relieving the government of its obligations under this section.

31.     In the event the government petitions the Court to declare that the defendant has breached the "Cooperation" section of this agreement, whether the defendant has violated any of the conditions of the "Cooperation" section shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant

shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.


32.    If the "Cooperation" section of this agreement is declared breached by the Court:

      a.    the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

      b.    the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

      c.    the defendant has no right to withdraw the plea of guilty;

      d.    the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

      e.    the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to smuggling, transporting, harboring or unlawful employment of aliens which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

33.     At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court.  The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement.  In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).


34.     The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## IX.  TOTAL AGREEMENT AND AFFIRMATIONS

35.     This plea agreement represents the total agreement between the defendant, JOSE SANCHEZ-OCAMPO, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
Acting United States Attorney
Western District of New York

BY:     _____
BRIAN J. COUNIHAN
Special Assistant United States Attorney

Dated: January 27, 2017

I have read this agreement, which consists of 14 pages. I have had a full opportunity to discuss this agreement with my attorney, Paul G. Dell, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

JOSE SANCHEZ-OCAMPO
Defendant

Dated: January 27, 2017

PAUL G. DELL, ESQ.
Attorney for Defendant

Dated: January 22, 2017

14

I, _Raida Pimienta_, hereby affirm under penalty of perjury that I am a Spanish speaking Interpreter and that I have carefully and fully translated the entire plea agreement (set forth above) to the defendant, JOSE SANCHEZ-OCAMPO; further that the defendant has indicated to me that the defendant understands the terms of this plea agreement and that by signing this agreement, the defendant agrees to all of its terms and conditions; the defendant has further specifically acknowledged to me that the defendant is signing the agreement voluntarily and after full consultation with the defendant's attorney, Paul G. Dell, Esq.

DATED:   January _27th_, 2017.

_____
Interpreter